**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

HERICSON TORRES
and LEIGH TORRES,

        Plaintiffs

    v.

FREEDOM MORTGAGE CORP., et al.,

        Defendants.

CIVIL ACTION NO. 3:26-CV-00859

(MEHALCHICK, J.)

## ORDER

On April 3, 2026, Plaintiffs filed a complaint against Defendants, in essence complaining about proceedings in a state court foreclosure action and bankruptcy court action. Most recently Plaintiffs filed an "emergency motion for preliminary injunction with temporary restraining order, stay of eviction, and preservation of status quo" (Doc. 23) in which they ask the Court to stay any eviction of the state court's sheriff's sale that followed the foreclosure on the subject property.

A grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited circumstances. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). In order to obtain a preliminary injunction, the moving party must demonstrate (1) the likelihood that the movant will prevail on the merits at final hearing; (2) the extent to which the movant is being irreparably harmed; (3) the extent to which the non-movant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. *Am. Tel. & Tel. Co.,* 42 F.3d at 1427. It is only if the first two prongs are satisfied that the court must inquire into the final two factors. *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 156-157 (3d Cir. 2002). If the movant fails to demonstrate a likelihood of success or fails to demonstrate irreparable

harm, the preliminary injunction must be denied. *In Re Arthur Treacher's Franchise Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

The Court finds that Plaintiffs have not shown either a likelihood of success on the merits or irreparable harm. First, Plaintiffs have adequate state court remedies available to challenge the foreclosure and the sheriff's sale. Indeed, Plaintiffs concede that the state foreclosure action is on appeal. (Doc. 23, at 12). The Pennsylvania Rules of Civil Procedure allow a party to set aside a sale, and if the foreclosure judgment is void, the sale will also be declared void. *See McShane v. Morris*, 2021 WL 3929747, at *4 (M.D. Pa. 2021). Further, the harm to Plaintiffs alleged (being evicted from their property) is neither imminent nor irreparable, as they still have the option of complying with the eviction order pending their appeal. *Id.* Plaintiffs may continue to file motions, including further appeals, in state court to endeavor to set aside the foreclosure judgment and strike any deed that has or may be recorded. *Id.*

As Plaintiffs have not established either a likelihood of success on the merits or imminent irreparable harm, their request for emergency relief (Doc. 23) is **DENIED**.[1,2] This matter is remanded to Judge Schwab for further proceedings.

**Dated: June 4, 2026**                         *s/ Karoline Mehalchick*
                                                 **KAROLINE MEHALCHICK**
                                                 **United States District Judge**

---

[1] Concurrently with the emergency motion, Plaintiffs filed a motion for leave to exceed the page and word limits of the Local Rules (Doc. 22) and motion to expedite the instant motion (Doc. 21). Both motions are **GRANTED**. Defendants filed a motion for extension of time to file a response to the instant motion (Doc. 25). That motion is **DENIED as moot**.

[2] Plaintiffs are reminded of this Court's requirements that if generative artificial intelligence is used in the drafting of any pleadings or other documents, a certificate must be attached to the document indicating that the portions of the document that have been generated using artificial intelligence and certifying that any case citations were verified as accurate. *See* "Use of Generative AI".